IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK M. MURAWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1255 |
| | ) |
| HONORABLE CYNTHIA A. BALDWIN, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

### SYNOPSIS

Plaintiff sued a state court judge who had presided over his civil action, claiming that the judge had violated his civil rights in various ways in conjunction with her rulings in that action. The judge seeks the dismissal of the case, based upon the lack of subject matter jurisdiction. I agree that I lack the subject matter jurisdiction necessary to entertain plaintiff's claims. The Motion to Dismiss is granted.

### OPINION

Plaintiff Mark Murawski ("Murawski") had a dispute with his neighbor over the use of a driveway. The neighbor eventually took the dispute to court in the Court

1

of Common Pleas of Allegheny County, Pennsylvania. The case was assigned to the Defendant, the Honorable Cynthia A. Baldwin ("Judge Baldwin"). The procedural history of the case is not entirely clear. According to Murawski's Complaint, the matter was scheduled for trial but was resolved by settlement. The settlement was formally recognized by Order of Court dated October 24, 2001. Ultimately, Judge Baldwin found Murawski to be in contempt of that Order.

Murawski has filed what appears to be a civil rights claim under 42 U.S.C. § 1983 against Judge Baldwin. He cites a number of constitutional violations, including the right to free speech, the right to a jury trial, the right to equal protection and the right to due process. Judge Baldwin has countered with a Motion to Dismiss. <u>See</u> Docket No. 5.[1] Judge Baldwin argues that the Complaint must be dismissed because of the lack of jurisdiction, because the applicable statute of limitations has expired, and because of the doctrine of judicial immunity. I agree with her that I lack the subject matter jurisdiction necessary to entertain what is in essence an appeal from a state court ruling. For the reasons set forth below, the Motion to Dismiss is granted.[2]

## **STANDARD OF REVIEW**

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most

---

[1] Murawski also filed a dispositive motion - one for summary judgment. <u>See</u> Docket No. 4. Though Murawski's motion predates Judge Baldwin's, I will address the motion to dismiss first because it raises jurisdictional issues.

[2] Because I conclude that I lack the subject matter jurisdiction necessary to entertain Murawski's claims, I will not address Judge Baldwin's other arguments in support of dismissal.

favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

Judge Baldwin argues that this Court lacks subject matter jurisdiction over Murawski's actions based upon the Rooker-Feldman doctrine. The Rooker-Feldman doctrine embodies the principles set forth in the Supreme Court decisions of Rooker

v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).  "'[T]he fundamental principles of the Rooker-Feldman doctrine [is] that a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings.'" McCallister v. Allegheny County Family Division, 128 Fed. Appx. 901, 2005 WL 902102 at * 1 (3d Cir. April 20, 2005), quoting, Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. Of N.Y. and N.J. Police Dept., 973 F.2d 169, 179 (3d Cir. 1992).  Thus, "[t]he Rooker-Feldman doctrine 'prohibits District Courts from adjudicating actions in which the relief requested requires determining the state court's decision is wrong or voiding the state court's ruling." McCallister, 2005 WL 902102 at * 1, quoting, Desi's Pizza Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003).  "Stated another way, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." Id., quoting, Desi's, 321 F.3d at 422.

Here, although couched as an action against Judge Baldwin, Murawski plainly wants to overturn adverse rulings against him entered in the state court action. He finds objectionable the wording of the October 24, 2001 Order of Court.  In his own words, "Mr. Murawski is seeking relief of the consent order of October 24, 2001... ." See Complaint, ¶ 19.  Thus the relief Murawski seeks can only be granted if I determine that Judge Baldwin's October 24, 2001 Order is wrong.  The Rooker-Feldman doctrine prevents me from making such a finding.  Consequently, the Motion to Dismiss is granted.

***********************

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK M. MURAWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1255 |
| | ) |
| HONORABLE CYNTHIA A. BALDWIN, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# **ORDER OF COURT**

AND NOW, this **6th** day of January, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss (Docket No. 5) is GRANTED. All other pending Motions are denied as moot and this case is now CLOSED.

BY THE COURT:


/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge